UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EVA JO HENLEY,

    Plaintiff,

    v.

SAFECO INSURANCE COMPANY OF AMERICA,

    Defendant.

Case No. 21-cv-04243-RS

**ORDER GRANTING MOTION TO DISMISS**

## I. INTRODUCTION

Plaintiff Eva Jo Henley asserts that her insurer, Safeco Insurance Company of America ("Safeco"), owes her additional policy benefits flowing from her claim of water damage. She brings causes of action for breach of contract, breach of the implied covenant of good faith and fair dealing, and financial elder abuse. She seeks declaratory relief as to the attorneys' fees allegedly owed under the policy and money damages. In this motion, Safeco challenges the sufficiency of her claims related to attorneys' fees and elder abuse. For the reasons set forth herein, the motion is granted with leave to amend.

## II. BACKGROUND[1]

Eva Jo Henley, now 97 years old, has been a Safeco customer since 1992, the year she purchased her first homeowner's insurance policy. In 2020, water intrusion severely damaged

---

[1] The factual background is based on the allegations in the complaint, which must be taken as true for purposes of this motion. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

Henley's home while she was temporarily away at an assisted living facility. After discovering the damage, one of Henley's daughters submitted a claim on her behalf under her policy, number OA2612882. According to the complaint, Safeco undervalued her claim and continues to deny some costs and expenses. She further alleges Safeco observes a practice of regularly denying the claims of its elderly insureds.

### III. LEGAL STANDARD

Rule 12(b)(6) governs motions to dismiss for failure to state a claim. A complaint must contain a short and plain statement of the claim showing the pleader is entitled to relief. Fed. R. Civ. P. 8(a). While "detailed factual allegations" are not required, a complaint must have sufficient factual allegations to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). A Rule 12(b)(6) motion tests the legal sufficiency of the claims alleged in the complaint. *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). Thus, dismissal under Rule 12(b)(6) may be based on either the "lack of a cognizable legal theory" or on "the absence of sufficient facts alleged" under a cognizable legal theory. *UMG Recordings, Inc. v. Shelter Capital Partners LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013). When evaluating such a motion, courts generally "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

### IV. DISCUSSION[2]

**A. Declaratory Relief**

Declaratory relief is appropriate where, "the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of

---

[2] After Safeco removed the case, Henley served insurance adjuster Christina Reid, a California resident, and argued her joinder destroyed diversity jurisdiction. The parties have since stipulated to Reid's dismissal. Consequently, there is no dispute as to subject matter jurisdiction at this time.

sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007). The burden is on the party seeking declaratory judgement to show the existence of a controversy. *Cardinal Chem. Co. v. Morton Int'l, Inc.*, 508 U.S. 83, 95 (1993).

Henley seeks a declaration that she is entitled to attorneys' fees under the terms of the policy. In response, Defendant attaches to its motion a copy of the policy showing that benefits available under the policy do not include attorneys' fees. Though at the motion to dismiss stage facts in the complaint are taken as true, courts are not required to "credit a complaint's conclusory statements without reference to its factual context." *See Iqbal*, 556 U.S. at 686. Because Henley has provided no factual details to support her claim – she does not identify which section of the policy or other agreement addresses attorneys' fees – the claim is dismissed with leave to amend.

**B. Financial Elder Abuse**

An entity commits financial elder abuse when it "takes, secretes, appropriates, obtains, or retains real or personal property of an elder" for a wrongful use, with intent to defraud, or by undue influence. Cal. Welf. & Inst. Code § 15610.30. Claims alleging an "intent to defraud" must meet the heightened pleading standard of Federal Rule of Civil Procedure 9(b) and identify the "who, what, when, where, and how" of a defendant's misconduct. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003)

As currently pled, this appears to be a straightforward contract dispute. Though Henley accuses Safeco of "unreasonably" and "maliciously" withholding benefits, she does not identify what made Safeco's actions unreasonable or malicious. Complaint ¶ 8. Stripped of all improper legal conclusions and rote invocations of the statute, Henley's elder abuse claim contains nothing indicating Safeco acted badly. Her contentions that Safeco "refused to pay, submit reasonable estimates for work to be performed, and refused coverage" under the policy and offered an "unreasonably low" initial estimate are routine breach of contract allegations that do not rise to the level of elder abuse. *Id.* ¶¶ 9, 16. She furthermore puts forth no facts showing "when, where, and

how" Safeco allegedly engaged in fraud. *See Vess*, 317 F.3d at 1106. Henley's elder abuse claim is therefore dismissed with leave to amend.

## V. CONCLUSION

For the reasons set forth above, the motion to dismiss is granted with leave to amend.

**IT IS SO ORDERED**.

Dated: August 16, 2021

RICHARD SEEBORG
Chief United States District Judge