1
2
3
4                    UNITED STATES DISTRICT COURT
5                   NORTHERN DISTRICT OF CALIFORNIA
6
7    EVA JO HENLEY, et al.,                    Case No. 21-cv-04243-RS  (AGT)
8                    Plaintiffs,
9           v.                                 **DISCOVERY ORDER**
                                               Re: Dkt. No. 27
10   SAFECO INSURANCE COMPANY OF
     AMERICA,
11                   Defendant.
12

13        In this breach of contract and tort action for wrongful denial of insurance policy benefits,

14   defendant Safeco Insurance Company of America requests an order compelling plaintiff Eva Jo

15   Henley to produce unredacted copies of her fee agreement with counsel and related billing

16   records.  Dkt. 27.  Safeco contends that plaintiff put the requested documents directly at issue and

17   waived any claim of privilege by seeking attorneys' fees under *Brandt v. Superior Court*, 37 Cal.

18   3d 813 (1985), as part of her claimed tort damages.  The Court agrees.

19        Under *Brandt*, attorneys' fees reasonably incurred to compel payment of insurance policy

20   benefits are recoverable as an element of tort damages if the insured proves bad faith.  *Id.* at 819.

21   The fees recoverable "may not exceed the amount attributable to the attorney's efforts to obtain

22   the rejected payment due on the insurance contract."  *Id.*  "[F]ees expended to obtain damages

23   exceeding the policy limit or to recover other types of damages are not recoverable as *Brandt*

24   fees."  *Essex Ins. Co. v. Five Star Dye House, Inc.*, 38 Cal. 4th 1252, 1258 (2006) (citing *Cassim*

25   *v. Allstate Ins. Co.*, 33 Cal. 4th 780, 811–12 (2004) (fees to obtain emotional distress damages and

26   punitive damages not recoverable under *Brandt*)).  Thus, in a mixed case like the instant action,

27   where both breach of contract and bad faith are alleged, *Brandt* requires apportionment of

28   attorney's fees.  *Duncan v. Primerica Life Ins. Co.*, 2022 WL 866255, at *3 (E.D. Cal. Mar. 23,

United States District Court
Northern District of California

2022); *see also San Diego Unified Port Dist. v. Nat'l Union Fire Ins. Co. of Pittsburg, PA*, 2017 WL 2465026, at *2 (S.D. Cal. June 7, 2017) ("[A]ttorneys' fees incurred by a plaintiff in a bad faith [insurance] action must be allocated between recoverable fees incurred to obtain contract damages and non-recoverable fees incurred to obtain tort damages.").

Plaintiff's blanket claim of privilege over her attorney-client fee agreement and billing records is overruled.  As numerous courts have recognized, a plaintiff "cannot at the same time seek attorney's fees under *Brandt* as a tort damage and also claim attorney-client privilege because, by putting fees at issue, any privilege is waived."  *Duncan*, 2022 WL 866255, at *3 (citing *Concept Enterprises, Inc. v. Hartford Ins. Co. of the Midwest*, 2001 WL 34050685, at *8 (C.D. Cal. May 22, 2001) ("[Plaintiff] cannot request attorneys' fees and simultaneously claim that information about the genesis of those fees is protected information."); *San Diego Unified*, 2017 WL 2465026, at *2 (collecting cases).  Plaintiff put her fees at issue in this action by claiming *Brandt* fees as damages.  Consequently, the documentation supporting that fees claim— including attorney billing records reflecting the hours, rates, and descriptions of the work attributable to establishing policy benefits and any portion of the fee agreement that would affect the *Brandt* fees calculation—is not shielded by privileged.

Plaintiff must produce the fee agreement and billing records to Safeco by **May 9, 2022**. Plaintiff may *minimally* redact those documents as follows:  For the fee agreement, plaintiff may redact only the provisions that are not relevant to the calculation of *Brandt* fees.  *See Mandel v. Am. Zurich Ins. Co.*, 2021 WL 4805306, at *1 (C.D. Cal. Mar. 12, 2021).  For the billing records, plaintiff may redact billing entries or other parts of the documents that are irrelevant to her claim for damages, including billing entries for time that she does not seek to recover as contract damages.  Plaintiff may not redact the billing entries for any time that she seeks to recover as damages.

**IT IS SO ORDERED.**

Dated:  May 2, 2022

ALEX G. TSE
United States Magistrate Judge

United States District Court
Northern District of California