UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVA JO HENLEY, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>SAFECO INSURANCE COMPANY OF AMERICA,<br><br>　　　　　Defendant. | Case No. 21-cv-04243-RS<br><br>**ORDER GRANTING MOTION FOR PARTIAL SUMMARY JUDGMENT** |

## I. Introduction

In this insurance dispute, Defendant Safeco Insurance Company of America ("Safeco") brings a motion for partial summary judgment. Plaintiff Joe Henley ("Henley") brings this lawsuit in his capacity as the representative of the estate of his late mother, Eva Jo Henley ("Eva Jo"). Henley avers that Safeco, his mother's homeowner's insurer, owes additional plan benefits following a water loss at her home. Safeco moves for partial summary judgment. For each of the challenged claims, Henley fails to set forth "facts that might affect the outcome of the suit under the governing law[.]" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Partial summary judgment is therefore granted to Defendant as to the coverage of additional living expenses, the breach of the implied covenant of good faith and fair dealing claim, and the financial elder abuse claim. As summary judgment is granted to Defendant for the only claims for which punitive damages and treble damages could apply, summary judgment is also granted to Defendant as to the claims for punitive and treble damages.

**II. Factual and Procedural Background**

Safeco issued a homeowners' policy to Eva Jo Henley for the period from October 29, 2020 to October 29, 2021 for a home at 4074 Forestview Ave., Concord, California 94521. On February 28, 2020, Eva Jo's daughter Sue Joyal contacted Safeco about a water loss at the property. Following inspection by a Safeco adjuster, Christina Reid, on March 6, 2020, Safeco issued a payment and coverage letter in the amount of $26,474.21. Over the coming months, Henley requested coverage for purported damage to other parts of the home. While Safeco approved some additional coverage—namely removal of lower kitchen cabinets and some kitchen drywall—it did not approve all of the requested coverage, as Safeco disputed whether water damage to certain areas stemmed from earlier leaks, and whether parts of the home were damaged at all.

Safeco also issued payments of $4,420 per month under the policy's Loss of Use coverage, as Safeco believed Eva Jo moved into an assisted living facility following the damage to her home. This monthly payment represented the cost of a monthly short term rental in the area. On October 30, 2020, Reid discovered an online newsletter from Eva Jo's assisted living facility which stated that she had been living in the facility as early as November 2019, three months before the leak. Safeco initiated a stop payment on a pending claim payment check and initiated an investigation. On December 16, 2020, Safeco issued the claim payment check that had been stopped during the investigation, but subtracted previously-paid Loss of Use coverage that Safeco believed was improperly issued.

In April 2021, Eva Jo filed this lawsuit in Contra Costa Superior Court, and Safeco removed the case to federal court in June 2021. Following Eva Jo's death, Henley was substituted as plaintiff, in his capacity as the personal representative of Eva Jo's estate. In the operative complaint, Plaintiff brought four causes of action: (1) declaratory relief that the policy covers losses incurred by Eva Jo and her additional living expenses; (2) breach of the implied covenant of good faith and fair dealing; (3) breach of the contractual duty to pay a covered insurance claim; and (4) financial elder abuse. Among other forms of relief, Plaintiff seeks punitive and treble

damages. Safeco now brings this motion for partial summary judgment.

## III. Legal Standard

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The purpose of summary judgment "is to isolate and dispose of factually unsupported claims or defenses[.]" *Celotex v. Catrett,* 477 U.S. 317, 323-24 (1986). The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323 (internal quotation marks omitted). If it meets this burden, the moving party is then entitled to judgment as a matter of law when the non-moving party fails to make a sufficient showing on an essential element of the case with respect to which it bears the burden of proof at trial. *Id.* at 322-23.

To preclude the entry of summary judgment, the non-moving party must bring forth material facts, i.e., "facts that might affect the outcome of the suit under the governing law[.]" *Anderson*, 477 U.S. at 248. The opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio,* 475 U.S. 574, 586 (1986). The trial court must "draw all justifiable inferences in favor of the nonmoving party, including questions of credibility and of the weight to be accorded particular evidence." *Masson,* 501 U.S. at 520.

## IV. Discussion[1]

Defendant's motion for partial summary judgment addresses four aspects of the Complaint. First, Defendant challenges Plaintiff's ability to recover for additional living expenses. This argument is construed as applying to portions of the first and third causes of action, which

---

[1] Plaintiff and Defendant also bring various objections to each other's proffered evidence. As the Court does not rely on the disputed pieces of evidence to reach its conclusions, resolution of these objections is not necessary.

ORDER GRANTING MOTION FOR PARTIAL SUMMARY JUDGMENT
CASE NO. 21-cv-04243-RS

3

concern declaratory relief and breach of a contractual duty. Second, Defendant challenges the entirety of the second cause of action, breach of the implied covenant of good faith and fair dealing. Third, Defendant challenges the entirety of the fourth cause of action, for financial elder abuse. Fourth, Defendant challenges Plaintiff's ability to recover punitive and treble damages. Each of these issues is addressed in turn.

### A. Additional Living Expense Benefits

The section of the insurance policy entitled "Coverage D – Loss of Use" states "[i]f a loss is covered under this Section makes that part of the residence premises where you reside uninhabitable we cover Additional Living Expense, meaning any necessary increase in living expenses you incur so that your household can maintain its normal standard of living." Safeco has advanced evidence that Eva Jo moved into Carlton Senior Living in November 2019, and left the facility in September 2020 to live with Joyal, her daughter, when her medical condition required someone to be with her at all times.

Devoting just five sentences to this claim in his opposition, Henley argues without citing any caselaw that whether or not additional living expenses are owed is a question for the jury. The only evidence he advances is his own declaration, in which he states that his mother "always wanted to return home" and that her wish "was unable to be fulfilled as a result of Safeco's failure to process this claim in good faith[.]" Declaration of Joe Henley, ¶¶ 4-5. This wish, however, does nothing to refute the evidence Safeco has put forth that Eva Jo was not residing at the home covered by the policy at the time of the damage, and thus was not entitled to additional living expense coverage. Plaintiff has failed to bring forth "facts that might affect the outcome of the suit under the governing law," *Anderson*, 477 U.S. at 248, and summary judgment is therefore granted to Safeco as to the issue of whether Plaintiff is owed or may recover for additional living expenses.

### B. Breach of the Implied Covenant of Good Faith and Fair Dealing

In the insurance context, establishing a claim for breach of the implied covenant of good faith and fair dealing requires showing (1) benefits due under a policy were improperly withheld,

and (2) the withholding was unreasonable or without proper cause. *CalFarm Ins. Co. v. Krusiewicz*, 131 Cal.App.4th 273, 286 (2005). "[T]he withholding of benefits due under the policy is not unreasonable if there was a genuine dispute between the insurer and the insured as to coverage or the amount of payment due." *Rappaport-Scott v. Interinsurance Exchange of Auto. Club*, 146 Cal.App.4th 831, 837 (2007). Liability requires a finding that "the insurer [] engage[d] in 'a conscious and deliberate act, which unfairly frustrate[d] the agreed common purposes and disappoints the reasonable expectations of the other party thereby depriving that party of the benefits of the agreement." *Nieto v. Blue Shield of California Life & Health Ins. Co.*, 181 Cal.App.4th 60, 86 (2010), quoting *Chateau Chamberay Homeowners Ass'n v. Associated Intern. Ins. Co.*, 90 Cal.App.4th 335, 346 (2001).

Plaintiff asserts that Safeco violated the implied covenant of good faith and fair dealing in the following ways: "(1) refusing to fully defend and/or indemnify Plaintiff for covered liabilities, as defined in the Policy, without regard to relevant insurance policy language; (2) interpreting the terms and conditions of the Policy in an unreasonable manner solely in an effort to avoid providing Plaintiff with coverage to which it is entitled under the Policy; (3) refusing to conduct a reasonable claim investigation; and (4) failing to consider Ms. Henley's interests as much as its own in handling the claim." Opposition to Motion, p.9.

The only evidence Plaintiff attempts to advance in support of these allegations is that Safeco authorized $172,167.95 for the claim and failed to tell Plaintiff of this amount. Plaintiff argues this failure to disclose "creates a triable issue of material fact as to whether such refusal to inform or pay the valued amount was unreasonable and therefore bad faith." *Id.* The $172,167.95 amount, however, was not a valuation of the amount due to be paid to Plaintiff, but rather an estimate that included both costs it later determined were not owed, and payments that were made directly to third parties. For example, the total included $75,140 in additional living expenses Safeco later determined were not appropriate and $36,573.92 in mitigation work that Safeco had already paid directly to a mitigation contractor hired by Joyal. Further, that Safeco had authorized payments up to that total—in part based on estimates of work to be done, rather than real cost—

ORDER GRANTING MOTION FOR PARTIAL SUMMARY JUDGMENT
CASE NO. 21-cv-04243-RS

5

does nothing to demonstrate unreasonableness or bad faith. Plaintiff fails to cite to any authority for his proposition that a failure to inform the insured of the total authorized amount demonstrates bad faith, and does not argue that the authorization shows that Safeco originally planned to cover certain repairs it later decided not to cover. Once again, Plaintiff has failed to bring forth "facts that might affect the outcome of the suit under the governing law," *Anderson*, 477 U.S. at 248, and summary judgment is therefore granted to Safeco as to this claim.

### C. Financial Elder Abuse

A claim for financial elder abuse under Section 15610.30 of the California Welfare and Institutions Code requires showing the defendant took or retained the elder's property "for a wrongful use or with intent to defraud" or with "undue influence." The plaintiff must establish that the defendant "knew or should have known that [its] conduct is likely to be harmful to the elder[.]" Cal. Welf. & Inst. Code § 15610.30(b). "In the context of a deprivation of property due an elder under an insurance contract," the plaintiff must "show more than an incorrect denial of policy benefits." *Davis v. Sentinel Ins. Co.*, 17-CV-1845 W (JLB), 2018 WL 5084789, at *3 (S.D. Cal. Oct. 18, 2018).

Plaintiff has failed to put forth evidence that this insurance dispute involves anything more than an incorrect denial of policy benefits. In the section discussing this claim, Plaintiff makes a general reference to the entire deposition of Safeco employee Rughda Daas, without specifying any particular facts supporting his claim. Plaintiff also points to his statement of facts for evidence of bad faith by Safeco. In that section, however Plaintiff states the following: "Safeco has refused to fully pay for the repairs that are necessary for Ms. Henley's residence as required by the policy, despite being under the policy limits for this claim. This alone evidences bad faith." Opposition to Motion, p.5. This theory of bad faith, and the facts which Henley says supports that theory, cannot amount to anything more than an incorrect denial of policy benefits. Summary judgment is therefore granted to Defendant as to the financial elder abuse claim.

### D. Punitive and Treble Damages

The claims for punitive damages and treble damages are predicated on the violation of the

implied covenant of good faith and fair dealing claim and the financial elder abuse claim, and Plaintiff provides no argument that these types of damages are available in the absence of those two claims. As summary judgment is granted to Defendant on those substantive claims, the claims for punitive and treble damages fail as well.

## V. Conclusion

Defendant's motion for partial summary judgment is granted. Summary judgment is granted to Defendant as to the breach of the implied covenant of good faith and fair dealing claim and the financial elder abuse claim. Summary judgment is also granted as to the issue of whether Plaintiff is owed or may recover for additional living expenses. Finally, summary judgment is granted to Defendant as to the availability of punitive and treble damages.

**IT IS SO ORDERED**.

Dated: July 7, 2022

_____
RICHARD SEEBORG
Chief United States District Judge