1  NICHOLAS J. BOOS (SBN 233399)
   nboos@maynardcooper.com
2  NORMAN LAU (SBN 253690)
   nlau@maynardcooper.com
3  MAYNARD COOPER & GALE LLP
   Two Embarcadero Center, Suite 1450
4  San Francisco, California 94111
   Telephone:    (415) 646-4700
5  Facsimile:    (205) 254-1999

6  Attorneys for Defendant
   SAFECO INSURANCE COMPANY OF AMERICA
7  erroneously sued as SAFECO INSURANCE OF ILLINOIS

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10

11  JOE HENLEY, as Personal Representative of        Case No. 3:21-cv-04243-RS
    the Estate of EVA JO HENLEY, an individual,
12                                                   SAFECO INSURANCE COMPANY OF
                                 Plaintiff,          AMERICA'S MOTION TO PRECLUDE
13                                                   PLAINTIFF'S RETAINED EXPERT
              v.                                     BUTCH WALDIN FROM TESTIFYING
14                                                   AT TRIAL
    SAFECO INSURANCE OF ILLINOIS, an
15  entity, form unknown; CHRISTINA REID; and        Date:        January 12, 2023
    DOES 1 through 20 inclusive,                     Time:        1:30 PM
16                                                   Courtroom: 3
                                 Defendants.         Judge:       Hon. Richard Seeborg
17

18

19

20

21

22

23

24

25

26

27

28

Maynard Cooper & Gale LLP
Two Embarcadero Center, Suite 1450
San Francisco, CA 94111
(415) 646-4700

**TO THE HONORABLE COURT AND TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE THAT on January 12, 2023, at 1:30 p.m., or as soon thereafter as this matter may be heard in the above-entitled court, located in the United States Northern District of California, Courtroom 4, 450 Golden Gate Avenue, San Francisco, California 95113, defendant Safeco Insurance Company of America ("Safeco") will and hereby does move to preclude Plaintiff Joe Henley, as Personal Representative of the Estate of Eva Jo Henley ("Plaintiff"), from offering the testimony of his retained expert, Butch Waldin, for any purpose at trial.  Plaintiff did not produce Mr. Waldin's expert report with his expert disclosures or at any time prior to the expert discovery cut-off on May 27, 2022.  His expert is therefore precluded from testifying at trial pursuant to Federal Rule of Civil Procedure Rule 37(c).

This motion is based on this Notice of Motion and Motion, the supporting Memorandum of Points and Authorities, the declaration of Norman Lau, the Proposed Order, the pleadings and records filed herein, and such oral and documentary evidence or argument as may be presented at or before the time of the hearing.

Dated:  November 30, 2022

MAYNARD COOPER & GALE LLP

*/s/ Norman Lau*
NICHOLAS J. BOOS
NORMAN LAU
Attorneys for Defendant SAFECO
INSURANCE COMPANY OF AMERICA,
erroneously sued as SAFECO INSURANCE
OF ILLINOIS

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  INTRODUCTION

This case involves an insurance dispute pertaining to a water loss claim under a homeowners' insurance policy.  Safeco issued payment for the loss but Plaintiff contends additional amounts are owed.  Plaintiff filed this lawsuit asserting claims for declaratory relief, breach of contract, breach of the implied covenant of good faith and fair dealing, and elder abuse. On July 7, 2022, this Court granted Safeco's motion for partial summary judgment as to a portion of Plaintiff's declaratory relief and breach of contract claims, and the entirety of Plaintiff's claims for breach of the implied covenant of good faith and fair dealing and elder abuse.  (Dkt. 40.)  As a result, the lone remaining issue is the amount of loss for dwelling damage.

Safeco now moves to preclude Plaintiff from presenting any evidence or testimony from his retained expert, Butch Walden.  Plaintiff never provided Mr. Walden's report, and therefore is precluded from using him to supply evidence at trial. Under Fed. R. Civ. P. 37(c), evidence that is not previously disclosed or produced during discovery is inadmissible at trial.  Plaintiff will be unable to show that his failure to provide the report was substantially justified or harmless. Safeco respectfully requests that this Court issue an Order precluding Plaintiff from presenting any evidence or expert opinion from Butch Walden.

### II.  STATEMENT OF FACTS

Plaintiff alleges that Safeco, his late mother's homeowner's insurer, owes his mother's estate additional policy benefits resulting from an insurance claim following a water loss.  On September 9, 2021, the Court issued a Case Management Order requiring the parties to designate experts by April 22, 2022; designate supplemental or rebuttal experts by May 13, 2022; and complete expert discovery by May 27, 2022.  (ECF 24.)  Fact discovery closed on April 8, 2022. Plaintiff requested an extension to exchange initial expert disclosures until April 29, 2022, which Safeco agreed to.  (Declaration of Norman Lau, ["Lau Decl."]), ¶ 2, Ex. A.)

Safeco timely provided its expert disclosures to Plaintiff, along with the relevant reports for its experts.  (*Id*., ¶ 3.)  Plaintiff served an expert disclosure on April 29, 2022, identifying only Butch Waldin as a retained expert.  (*Id*., ¶ 4, Ex. B.)  However, Plaintiff did not include a report

1  from Mr. Waldin  Plaintiff's disclosure stated:

2  
3  
4  

> Mr. Waldin is being retained by Plaintiffs to provide expert testimony regarding construction standard of care, construction industry practices, pricing, scope/cost of repair, damages and estimates in this matter. This testimony will be elicited under FRE 702, 703, and/or 705. There are no written reports at this time, but to the extent reports are prepared, will be provided upon receipt.

5  (*Id*., ¶ 4, Ex. B.)

6       Both fact and expert discovery have now closed without Plaintiff ever providing a copy of

7  Mr. Waldin's expert report.  (*Id*., ¶ 5.)  As a result, Safeco did not take Mr. Waldin's deposition,

8  does not know Mr. Waldrin's opinions, and was not able to determine whether a rebuttal

9  designation was appropriate.  (*Id*., ¶ 6.)

10  **III.**    **LEGAL ARGUMENT**

11      **A.**    **Plaintiff's Retained Expert Butch Waldin Is Precluded from Providing**

12          **Expert Testimony**

13       Pursuant to Fed. R. Civ. P. 37(c), "if a party fails to provide information or identify a

14  witness as required by Rule 26(a), the party is not allowed to use that information or witness to

15  supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially

16  justified or is harmless."

17       This rule is not permissive; rather, the sanction under Rule 37 is "self-executing and

18  automatic."  *Yeti by Molly v. Deckers Outdoor Corp*., 259 F.3d 1101, 1106 (9th Cir. 1996);

19  *Hoffman v. Constr. Protective Servs., Inc.*, 541 F.3d 1175, 1179 (9th Cir. 2008) (noting that Rule

20  37 has been described as "a self-executing, automatic sanction to provide a strong inducement for

21  disclosure of material").  Rule 37(c) "gives teeth to the Rule 26 disclosure requirements by

22  forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not

23  properly disclosed."  *Yeti by Molly*, 259 F.3d at 1106.

24       Plaintiff has been aware of the initial expert disclosure deadline since entry of the Case

25  Management Order on September 29, 2021, yet failed to provide a report for his sole designated

26  expert.  This failure to disclose is without substantial justification and was not "harmless."

27  ///

28  ///

### B.      There Was No Substantial Justification for Plaintiff's Failure to Provide an Expert Report

Under Rule 37(c), willfulness or bad faith is not required to exclude the undisclosed evidence. *Hoffman v. Constr. Protective Servs., Inc.*, 541 F.3d 1175, 1179 (9th Cir. 2008). Rather, Plaintiff has the burden to establish that his failure to disclose was either substantially justified or harmless. *Yeti by Molly* at 1107. Plaintiff cannot meet either burden. "Substantial justification" requires justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure requirement. Fed. R. Civ. P. 37(c). The proponent's position must have a reasonable basis in law and fact. The test is satisfied if there exists a genuine dispute concerning compliance. *Lobato v. Ford*, 2007 WL 2593485 *8 (D. Colo. Sept. 5. 2007); *Hagan v. Calif. Forensic Med. Group*, 2009 WL 689740 *2 (E.D. Cal. Mar. 5, 2009) (substantial justification exists where there is a reasonable dispute as to whether disclosures were required).

Plaintiff lacks any justification, let alone substantial justification, for failing to comply with the terms of the Case Management Order and Rule 26. He has been aware of the deadline since September 2021. Despite this, Plaintiff did not provide the report for his only designated expert. Plaintiff never sought to obtain an extension of time from the Court or to meet and confer with Safeco's counsel regarding an extension of time to provide the report. *Quevedo v. Trans-Pac. Shipping, Inc.*, 143 F.3d 1255, 1258 (9th Cir. 1998) (untimely disclosure not justified when the party failed to seek an extension of time). And this is not an instance where an expert report was provided late – Plaintiff never provided the report to Safeco, and even admitted in his expert disclosure that such a report might never be forthcoming. In such instances, expert witnesses will be precluded from testifying at trial entirely. *Torres v. City of Los Angeles*, 548 F.3d 1197, 1212–13 (9th Cir. 2008). The Court's Case Management Order was clear, and Plaintiff cannot establish that there was a reasonable dispute as to compliance. Plaintiff will be unable to establish any other justification for failing to comply with Rule 26, and as such Mr. Walden's testimony is presumptively barred by Rule 37(c).

///

1

### C.      Plaintiff's Failure to Timely Disclose Was Not Harmless

2        Plaintiff also cannot meet his burden to prove the failure to disclose the report was

3   harmless.  "Harmlessness may be established if a disclosure is made sufficiently in advance of the

4   discovery cut-off date to permit the opposing party to conduct discovery and defend against the

5   damages claims."  *Frontline Med. Assocs., Inc. v. Coventry Health Care*, 263 F.R.D. 567, 570

6   (C.D. Cal. 2009).  "Harmless" is intended to cover situations such as "the inadvertent omission

7   from an initial disclosure of the name of a potential witness known to all parties; the failure to list

8   as a trial witness a person listed by another party; or the lack of knowledge of a pro se litigant of

9   the requirement to make disclosures."  *Green v. Baca*, 226 F.R.D. 624, 655 (C.D. Cal. 2005).

10  None of these situations are applicable here.

11       Safeco will be undeniably prejudiced if Mr. Walden is allowed to testify at trial.  Both fact

12  and expert discovery have closed.  Safeco is therefore unable to conduct discovery or to

13  adequately prepare its defense against Mr. Walden's testimony.  Plaintiff cannot claim that the

14  omission of his <u>sole</u> expert's report was inadvertent.  He retained counsel, who prepared and

15  served the expert disclosure.  His report even cites to Rule 26(a)(2), demonstrating that his

16  counsel is aware of Rule 26's disclosure requirements.

17       Moreover, allowing Plaintiff to submit the expert report at this late stage would require a

18  modification to the case calendar, disrupting both Safeco's schedule as well as the Court's.  When

19  the order establishing an expert disclosure deadline also sets a deadline for pretrial motions, the

20  Ninth Circuit has held that "[d]isruption to the schedule of the court and other parties is not

21  harmless," even if "the ultimate trial date was still some months away."  *Wong v. Regents of the*

22  *Univ. of Cal.*, 410 F.3d 1052, 1062 (9th Cir. 2005).  Any remedy would result in prejudice to

23  Safeco, whether in terms of more money, time or resources expended due to the continuation of

24  the case calendar, or allowing additional discovery and thus cannot be said to be "harmless."

25  *Sanchez v. Stryker Corp.*, 2012 WL 13006186, at *4 (C.D. Cal. Mar. 28, 2012).

26       Plaintiff will be unable to meet his burden to show that his failure to disclose Mr.

27  Walden's expert report was harmless.

28  ///

MOTION OF SAFECO INSURANCE COMPANY OF AMERICA TO PRECLUDE PLAINTIFF'S
RETAINED EXPERT; MEMORANDUM OF POINTS AND AUTHORITIES

### D.       Plaintiff Obtained an Improper Tactical Advantage

Fed. R. Civ. P. Rule 26(a)(2)(D) requires that parties make disclosures "in the sequence that the court orders."  Here, the Court ordered the parties to simultaneously exchange initial expert disclosures by April 22, 2022.  Plaintiff requested a one week extension to exchange disclosures, and Safeco complied with the disclosures requirements, but Plaintiff only partially complied by identifying his expert without providing the expert's report.  By doing so, Plaintiff gains an unfair litigation advantage over Safeco.  *Sanchez,* 2012 WL 13006186, at *3.  Plaintiff has gained the benefit of reviewing Safeco's expert's reports, including their opinions and bases before disclosing his own expert's opinions.  The "potential harm from spring-loading an expert witness is worse than [a fact witness] because [e]xpert testimony involves scientific, technical, or specialized knowledge, and its late disclosure offers a greater possibility of harm to opposing parties than late disclosure of fact-witness testimony."  *Castaneda v. Burger King Corp.*, 264 F.R.D. 557, 566 (N.D. Cal. 2009)

There is no dispute that Plaintiff did not provide Mr. Walden's expert report.  This gives an unfair advantage to Plaintiff in direct contravention to the express provision of Rule 26(a)(2)(D) and the Case Management Order, and is not harmless.

## IV.   <u>CONCLUSION</u>

Plaintiff's failure to disclosure his expert's report in compliance with the Case Management Order and Rule 26 is neither substantially justified nor harmless.  His expert must therefore be precluded from testifying at trial.

Dated:  November 30, 2022                    MAYNARD COOPER & GALE LLP


                                             */s/ Norman Lau*
                                             NICHOLAS J. BOOS
                                             NORMAN LAU
                                             Attorneys for Defendant SAFECO
                                             INSURANCE COMPANY OF AMERICA,
                                             erroneously sued as SAFECO INSURANCE
                                             OF ILLINOIS

Maynard Cooper & Gale LLP
Two Embarcadero Center, Suite 1450
San Francisco, CA 94111
(415) 646-4700

**PROOF OF SERVICE**

STATE OF CALIFORNIA                    )
COUNTY OF SAN FRANCISCO                )

I am employed in the County of San Francisco, State of California.  I am over the age of 18 and am not a party to the within action.  My business address is Maynard, Cooper & Gale, LLP, Two Embarcadero Center, Suite 1450, San Francisco, California 94111. On the date indicated below, I served the foregoing document described as:

**SAFECO INSURANCE COMPANY OF AMERICA'S MOTION TO PRECLUDE PLAINTIFF'S RETAINED EXPERT BUTCH WALDIN FROM TESTIFYING AT TRIAL**

**[X]     BY CM/ECF ELECTRONIC SERVICE:** The following are registered CM/ECF users with the Court and have consented to service through the Court's automatic transmission of a notice of electronic filing.

Christian P. Lucia
Corey Timpson
SELLAR HAZARD & LUCIA, APLC
201 North Civic Drive, Suite 145
Walnut Creek, CA 94596
Tel: (925) 938-1430
Fax: (925) 256-7508
Email: clucia@sellarlaw.com
ctimpson@sellarlaw.com

*Attorneys for Plaintiff Joe Henley as representative of the Estate of Eva Jo Henley*

I declare that I am employed in the office of a member who has been admitted to the bar of this Court at whose direction the service was made.  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on November 30, 2022, in San Francisco, California.

_____
Brian Day