United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOE HENLEY, as personal representative of
the Estate of EVA JO HENLEY,

                Plaintiff,

      v.

SAFECO INSURANCE COMPANY OF
AMERICA,

                Defendant.

Case No. 21-cv-04243-RS

**ORDER DENYING MOTION FOR
RECONSIDERATION**

On January 18, 2023, Defendant's motion to preclude Plaintiff's expert Butch Waldron[1] from testifying at trial was granted. The order was premised on the fact that Plaintiff had failed to proffer an expert report, as required by Federal Rule of Civil Procedure 26(a)(2)(B), and thus preclusion, the "automatic sanction" under Rule 37, applied. Plaintiff was then granted leave to file a motion for reconsideration. In the motion, Plaintiff suggests that a less severe sanction than full preclusion is warranted in light of the fact that his entire case turns on Mr. Waldron's testimony. Dkt. 59-1, at 2. The motion also states that Plaintiff's counsel was both unfamiliar with Rule 26(a)(2)(B)'s disclosure requirement and was unaware that Defendant had filed a motion to preclude Mr. Waldron's testimony. Finally, Plaintiff argues Defendant would not be prejudiced by Mr. Waldron's testimony, because the trial is still five months away — leaving Defendant plenty of time to depose Mr. Waldron and review his expert report.

---

[1] The order mistakenly referred to Plaintiff's expert as "Butch Waldin."

United States District Court
Northern District of California

A review of the record in this case significantly undermines Plaintiff's fairness arguments. Plaintiff and Plaintiff's counsel have made numerous errors which collectively indicate that the preclusion of Mr. Waldron was warranted and remains so now. First, the fact that Plaintiff's counsel was unaware of the Rule 26 disclosure requirement (and apparently Rule 37's automatic sanction, as well) indicates a lack of diligence. This is not a particularly niche rule, nor could reasonable minds disagree as to its application in this case. While this failure would likely not be dispositive in the first instance, Plaintiff was afforded numerous opportunities to remedy it, and repeatedly failed to do so. Plaintiff was on notice of Defendant's intent to preclude Mr. Waldron at least as of August 24, 2022, when, in the parties' joint case management statement (which Plaintiff's counsel signed), Defendant clearly noted its intent to "file a motion to preclude the testimony of Plaintiff's retained expert." Dkt. 42, at 2. On November 30, 2022, that's exactly what Defendant did. Plaintiff's argument that not one of its *four* counsel of record (per ECF) was notified of this motion is hard to swallow, especially given that Plaintiff's counsel (incorrectly) sought reconsideration of another order just a few weeks earlier. Plaintiff was then afforded nearly a month of extra time to respond to Defendant's motion, *see* Dkt. 49, and still did not do so.

Plaintiff's credibility is further eroded by examining Mr. Waldron's own declaration. As Defendant points out, Mr. Waldron did not even inspect the property at issue in this case until March 29, 2023.[2] Dkt. 60 ¶ 5. Had trial proceeded on the original date of April 24, 2023, there is no doubt Plaintiff would have effectively been "spring-loading an expert witness," to Defendant's severe detriment. *Castaneda v. Burger King Corp.*, 264 F.R.D. 557, 566 (N.D. Cal. 2009). This was not a case in which Plaintiff simply disclosed Mr. Waldron's report or testimony belatedly — that is, a case where Mr. Waldron had conducted his analysis, prepared a report, and simply transmitted it after the deadline. Rather, he did not conduct his analysis until nearly *a year* after the close of discovery. Plaintiff does not explain this delay.

---

[2] Incidentally (or perhaps conveniently), his inspection occurred only after the trial date was continued to September.

United States District Court
Northern District of California

1    "[T]he procedural rules governing civil actions are to be construed to achieve the just

2    determination of every action." *Flores v. Merced Irr. Dist.*, No. 09cv1529 LJO DLB, 2010 WL

3    4877795, at \*3 (E.D. Cal. Nov. 23, 2010) (citing Fed. R. Civ. P. 1). Yet there comes a point at

4    which Plaintiff (and Plaintiff's counsel) must be held to account for their lack of diligence in

5    prosecuting this case. Justice also requires looking to the impact of these actions on Defendant and

6    examining whether granting reconsideration would be fair to Defendant. Preclusion of Mr.

7    Waldron's testimony may indeed be a severe penalty,[3] but it is ultimately the appropriate one. The

8    motion for reconsideration is denied.[4]

9

10   **IT IS SO ORDERED**.

11

12   Dated: April 14, 2023

13   _____

14   RICHARD SEEBORG
     Chief United States District Judge

15

16

17

18

19

20

21

22

23   _____

24   [3] Although, given that Plaintiff intends to call a non-expert witness, *see* Dkt. 59-2, Ex. A, at 2,
     preclusion of Mr. Waldron does not appear necessarily to deal as "fatal" a blow as Plaintiff
     suggests.

25   [4] Per the order granting Plaintiff's motion for leave to file a motion for reconsideration, both

26   parties were limited to submitting briefs not exceeding 10 pages in length. Dkt. 55, at 2. Defendant
     plainly did not adhere to this. While its arguments are certainly compelling, Defendant is

27   nonetheless admonished to follow the Court's clear instructions moving forward.

28   ORDER DENYING MOTION FOR RECONSIDERATION
     CASE NO. 21-cv-04243-RS